IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>for use and benefit of )<br>MASSEY CONSTRUCTION, INC., )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>J&S CONSTRUCTION COMPANY, INC., )<br>and LIBERTY MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>    **Defendants.** ) | Case No. _____ |

## COMPLAINT

Plaintiff, Massey Construction, Inc. d/b/a Massey Electric Company ("Massey Electric"), sues J&S Construction Company, Inc. ("J&S Construction") and Liberty Mutual Insurance Company ("Liberty Mutual"), and for its cause of action states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Massey Electric is a Tennessee corporation with its principal place of business located at 3204 Regal Drive, Alcoa, Tennessee 37701.

2. J&S Construction is a Tennessee corporation with its principal place of business located at 8143 Forman Drive, Cookeville, Tennessee 38501. J&S Construction may be served with process through its attorney, David K. Taylor, Esq., Bradley, Arant, Boult, Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

3. Liberty Mutual is a Massachusetts corporation with its principal place of business located at 175 Berkley Street, Boston, Massachusetts 02116. Liberty Mutual may be served with process through its attorney, David K. Taylor, Esq., Bradley, Arant, Boult, Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

1

4. This Court has jurisdiction in this matter and venue is proper because the claim arises out of a contract for improvement of property in the United States within this district and is being asserted in accordance with 40 U.S.C. §3133.

## BACKGROUND

5. Massey Electric repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if set forth fully herein.

6. Upon information and belief, J&S Construction entered into a prime contract with the United States of America to complete renovations to an aircraft maintenance hangar that is commonly known as Building 113 of the Tennessee Air National Guard Base located at McGhee Tyson Airport in Blount County, Tennessee (the "Project").

7. On April 21, 2015, Massey Electric and J&S Construction entered into a subcontract ("Subcontract") in which Massey Electric agreed to perform electrical work at the Project. A true and correct copy of the Subcontract is attached hereto as **_Exhibit A_**.

8. As required by the Miller Act, 40 U.S.C. §3131, 3133 (the "Miller Act"), J&S Construction, as principal, and Liberty Mutual, as surety, provided a statutory payment bond (the "Payment Bond") in favor of claimants performing work on the Project. A true and accurate copy of the Payment Bond is attached hereto as **_Exhibit B_**.

9. The labor performed and the materials supplied by Massey Electric under the Subcontract were provided in the prosecution of the work on the Project.

10. Massey Electric has fully and properly performed all obligations assumed under the Subcontract and the Payment Bond and has satisfied all conditions precedent to payment.

11. J&S Construction and Liberty Mutual still owe Massey Electric One Hundred Eighty-Two Thousand Four Hundred Ninety-Four and 14/100 Dollars ($182,494.14) for its work under the Subcontract.

12. By letters dated November 9, 2016, November 10, 2016 and March 31, 2017, Massey Electric gave notice of its claim and demanded payment but payment has not been made.

13. Massey Electric is filing this action in order to ensure that it complies with all applicable laws, including, but not limited to, the Miller Act, and does not hereby waive its right to arbitrate its dispute against J&S Construction and Liberty Mutual pursuant to the terms of the Subcontract.

14. This Complaint is being brought after ninety (90) days from when labor and materials but within one (1) year from the last day materials and labor were supplied.

## COUNT I - BREACH OF CONTRACT

15. Massey Electric repeats and incorporates by reference the allegations contained in the preceding paragraphs of this complaint as set forth herein.

16. J&S Construction is indebted to Massey Electric for the remaining balance of the Subcontract in the amount of One Hundred Eighty-Two Thousand Four Hundred Ninety-Four and 14/100 Dollars ($182,494.14) plus interest and attorney's fees.

17. J&S Construction's failure to pay Massey Electric constitutes a breach of the Subcontract for which J&S Construction is liable to Massey Electric in the above amounts.

## COUNT II – UNJUST ENRICHMENT

18. Massey Electric repeats and incorporates by reference the allegations contained in the preceding paragraphs of this complaint as if set forth fully herein.

19. In the alternative, J&S Construction and Liberty Mutual have been unjustly enriched by receiving the benefit of work performed by Massey Electric without making full payment for such performance.

20. The reasonable value of the materials and labor supplied by Massey Electric and improvement of the Project that remains unpaid is One Hundred Eighty-Two Thousand Four

Hundred Ninety-Four and 14/100 Dollars ($182,494.14), plus interest under a theory of *Quantum Meruit*, Unjust Enrichment or Quasi Contract.

### COUNT III – PROMPT PAY ACT OF 1991

21. Massey Electric repeats and incorporates by reference the allegations contained in the preceding paragraphs of this complaint as if set forth fully herein.

22. Pursuant to the Prompt Pay Act of 1991, Tenn. Code Ann. §§66-34-101, *et. seq.*, Massey Electric made a written demand for payment to J&S Construction, a copy of such written demand is attached hereto as **_Exhibit C_**.

23. The failure of J&S Construction to pay Massey Electric as required by the Prompt Pay Act of 1991 was done in bad faith and entitles Massey Electric to the recovery of interest and attorney's fees.

### COUNT IV – BOND CLAIM

24. Massey Electric repeats and incorporates by reference the allegations contained in the preceding paragraphs of this complaint as if set forth fully herein.

25. The Payment Bond at issue is statutory in nature and was required by the Miller Act.

26. Massey Electric has notified J&S Construction and Liberty Mutual of its claim for work performed on the Project and has satisfied all conditions to payment under the Payment Bond.

27. J&S Construction and Liberty Mutual's failure to pay Massey Electric constitutes a violation of the Payment Bond for which J&S Construction and Liberty Mutual are liable to Massey Electric in the amount of One Hundred Eighty-Two Thousand Four Hundred Ninety-Four and 14/100 Dollars ($182,494.14), plus interest and attorney's fees.

28.     Alternatively, Massey Electric asserts that the Payment Bond is a common law bond and that J&S Construction and Liberty Mutual are liable to Massey Electric in accordance with the terms of the Payment Bond.

**COUNT V – VIOLATION OF T.C.A. § 66-34-103 and -104**

29.     Massey Electric repeats and incorporates by reference the allegations contained in the preceding paragraphs of this complaint as if set forth fully herein.

30.     During the course of the Project, five percent (5%) of the price of the Subcontract was withheld by J&S as retainage.  Retainage was first withheld from Massey Electric's pay application on August 14, 2015.

31.     J&S was obligated to deposit the retainage being held under the Subcontract in a separate escrow account pursuant to Tennessee Code Annotated § 66-34-104, but, upon information and belief, failed to do so.

32.     Pursuant to Tennessee Code Annotated § 66-34-104, in the event that the party withholding the retained fund fails to deposit the funds into an escrow account, such party shall be responsible for paying the owner of the retained funds an additional $300 per day for each and every day that such retained funds are not deposited into such escrow account.

33.     Pursuant to Tennessee Code Annotated § 66-34-103(e)(3), in addition to the $3,000 per day fine, the court shall order restitution be made to the owner of the retained funds.

34.     As a result of the failure of J&S Construction to escrow the retainage under the Subcontract, J&S Construction is liable to Massey Electric in an amount to be determined at trial.

5

**WHEREFORE,** Massey Electric respectfully requests that this Court:

A. That this Court grant judgment In Massey Electric's favor and against J&S Construction and Liberty Mutual, jointly and severally, in the amount of One Hundred Eighty-Two Thousand Four Hundred Ninety-Four and 14/100 Dollars ($182,494.14), plus interest and attorney's fees, for breach of contract, unjust enrichment and violations of the Payment Bond;

B. That this Court grant judgment in Massey Electric's favor and against J&S Construction in the amount of the legal fees incurred by Massey Electric in pursuing this action pursuant to Tenn. Code Ann. §§ 66-34-101, *et. seq.*;

C. That this Court grant judgment in Massey Electric's favor and against J&S Construction in an amount to be determined at trial for violating Tenn. Code Ann. § 66-34-103 and -104; and

D. That Massey Electric be awarded such further relief that this court deems appropriate.

Respectfully submitted this 8th day of August, 2017.

>WOOLF, McCLANE, BRIGHT,
> ALLEN & CARPENTER, PLLC
>
>
>By:*/s/ Robert P. Noell*_____
> Robert P. Noell, BPR No. 020231
> William F. Clayton, BPR No. 031075
>Post Office Box 900
>Knoxville, Tennessee 37901-0900
>(865) 215-1000
>rnoell@wmbac.com
>bclayton@wmbac.com
>*Attorneys for Plaintiff*